UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TROMICK CANE HARROP,<br><br>Defendant. | Case No. 1:16-cr-00093-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Tromick Cane Harrop's Motion for Early Termination of Supervised Release (Dkt. 31). Having reviewed the Motion and the Government's Response (Dkt. 33), the Court now issues its decision. For the reasons explained below the Court will deny the Motion.

## BACKGROUND

In 2015, Mr. Harrop sold methamphetamine to a confidential informant on three separate occasions. (*PSR* at ¶¶ 8-10, Dkt. 22). Mr. Harrop was on felony probation for Burglary at the time. (*Id.* at ¶¶ 51, 55). Mr. Harrop's base offense level and criminal history category had a resulting guideline imprisonment range of 30 to 37 months as well as a guideline and statutory three-year term of supervised

release. (*Id.* at ¶¶ 81, 83-84).  The Court granted a variance and sentenced Mr. Harrop to 27 months of imprisonment followed by three years of supervised release. (Dkt. 29). Mr. Harrop was released on supervision in April, 2018. Not long after, he admitted to having relapsed and had two positive drug tests for methamphetamine in July 2018. Mr. Harrop attended relapse prevention, completed treatment in October 2018, and does not appear to have used drugs since. Mr. Harrop now seeks early termination of his supervised release in order to purchase or rent a larger home and visit his children out of state more often. (Dkt. 31). United States Probation neither supports nor opposes Mr. Harrop's request.

## LEGAL STANDARD

The Court has broad discretion to impose terms of supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014); 18 U.S.C. § 3583(e)(1). This includes the discretion to terminate such release after Defendant has served one year of their supervised release. *Id.* In deciding whether to terminate supervision, the courts must review a number of sentencing factors which include:

> 1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities

among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a) (5), (a)(6), and (a)(7).

*United States v. Evertson*, No. 4:06-cr-206-BLW, 2011 WL 841056, at *2 (D. Idaho Mar. 7, 2011) (citing *United States v. Smith*, 219 Fed. Appx. 666, 667 n.3 (9th Cir.2007)). However, in rendering its decision the Court shall simply provide an explanation based on its consideration of such factors. *Emmett*, 749 F.3d 817, at 821-22. The Court need not elaborate unnecessarily. *Id.*

## ANALYSIS

Having considered the above factors, the Court is not inclined to grant this motion. Mr. Harrop asserts, with little explanation, that being on federal supervision is "a road block" to buying or renting a larger home. Further, he does not explain how supervision hinders his ability to visit his children.[1] Mr. Harrop appears to believe that he deserves an early termination of supervision because he earned his high school diploma, maintains employment, is married, is involved in his local church, and provides for his family. Although Mr. Harrop's efforts are commendable, they in large part simply demonstrate compliance with the

---

[1] Mr. Harrop is permitted to leave the District of Idaho with permission of his probation officer. (*Standard Condition of Supervision 1*, Dkt. 29).

conditions of his supervised release. *See* Dkt. 29 at 4. "[M]ere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination." *Emmett*, 749 F.3d at 823 n.2 (quoting *United States v. Grossi*, No. CR-04-40127, 2011 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012)).

Mr. Harrop has failed to demonstrate how federal supervision has become an obstacle in itself, beyond the obstacle of having felony convictions. The totality of the circumstances, including the 18 U.S.C. § 3583(e)(1) factors, weigh against the risk of early termination. Accordingly, the Court will deny Mr. Harrop's Motion for Early Termination of Supervised Release.

## ORDER

**IT IS ORDERED that** Defendant Tromick Cane Harrop's Motion for Early Termination of Supervised Release (Dkt. 31) is **DENIED**.

DATED: January 19, 2021

B. Lynn Winmill
U.S. District Court Judge